Charles M. Lizza
William C. Baton
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102
(973) 286-6700
wbaton@saul.com

*Attorneys for Defendants*
*Amarin Pharma, Inc., Amarin Pharmaceuticals*
*Ireland Limited, and Amarin Corporation plc*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| APOTEX INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC,<br><br>　　　　　Defendants. | Civil Action No. 24-7041 (RK)(TJB)<br><br>(Filed Electronically) |

## [PROPOSED] ORDER TO SEAL

**THIS MATTER** having come before the Court pursuant to the motion of Plaintiff Apotex Inc. ("Apotex") and Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin" or "Defendants"), pursuant to Local Civil Rule 5.3(c), to seal their confidential information from certain portions of (1) Letter from Amarin to the Hon. Robert Kirsch, U.S.D.J., dated July 5, 2024 (ECF No. 16) and (2) Letter from Plaintiff Apotex Inc. ("Apotex") to the Hon. Robert Kirsch, U.S.D.J., dated July 12,

2024 (ECF No. 17) (which are identified with particularity in the indexes attached to the Declaration of Melissa J. Bayly, counsel for Apotex, and Certification of Alexander L. Callo, counsel for Defendants, submitted with the parties' motion) [hereinafter, the "Confidential Materials"]; and the Court having considered the parties' written submissions, including the Declaration of Melissa J. Bayly, counsel for Apotex, and Certification of Alexander L. Callo, counsel for Defendants; and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information; and for other and good cause having been shown; the Court makes the following findings and conclusions:

## **FINDINGS OF FACT**

1.      The information that the parties seek to seal has been designated by the parties as "HIGHLY CONFIDENTIAL" under the stipulated Confidentiality Order entered by this Court (ECF No. 23) ("CO").

2.      By designating the material as "HIGHLY CONFIDENTIAL" under the CO, the parties have represented that the Confidential Materials disclose their highly sensitive "confidential and proprietary information, including, but not limited to, trade secrets or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(1)(G)." *See* CO at 9-10.

3.      This is a complex antitrust action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary and confidential trade secret, research, development, and/or commercial information of the parties. The material identified herein contains information designated by the parties as "HIGHLY CONFIDENTIAL" and includes their highly sensitive confidential commercial information. *See id.*

4. By designating this information "HIGHLY CONFIDENTIAL," it is apparent that the parties have indicated that the public disclosure of this information would be detrimental to their businesses. Due to the nature of the materials herein, there is no less restrictive alternative to sealing the Confidential Materials.

5. The parties' request is narrowly tailored to only the information designated as "HIGHLY CONFIDENTIAL" contained in the above materials.

## CONCLUSIONS OF LAW

6. Upon consideration of the papers submitted in support of the motion, and the information that the parties have designated as "HIGHLY CONFIDENTIAL," the Court concludes that the parties have met their burden of proving, under Local Civil Rule 5.3 and applicable case law, that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Specifically, the Court concludes that: (a) the materials contain confidential information concerning the parties' businesses; (b) the parties have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of confidential information by competitors to the parties' financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

7. The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion

prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**IT IS** on this _____ day of _____, 2024:

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the parties' Motion to Seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Materials to be sealed permanently and the Clerk shall take such other steps as may be reasonably required to maintain the confidentiality of the Confidential Materials.

_____
HON. TONIANNE J. BONGIOVANNI, U.S.M.J.